IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSHUA ROBINSON,_____    )
              Plaintiff,    )
                       )
          vs.    )    Civil Case No. 3:19-cv-56
                       )
JACK SEANOR, *et al.,*_____    )
            Defendants.    )

HEARING:    Status Conference_____

Before Judge:    Stephanie L. Haines_____

Joshua Robinson (pro se)    Lindsey Bedell, Esq.
Appeared for Plaintiff    Appeared for Defendants

Hearing began: _4/21/26 @ 2:30 p.m.___    Hearing concluded: _3:17 p.m._____

Law Clerk: _Carrie Yamamoto__    Stenographer: _Shirley Hall_____

The Court convened for Status Conference after Judge Smith's denial of Defendants' motion for summary judgment at ECF No. 133. Counsel for Defendants noted that she welcomes a demand from Mr. Robinson and that she is prepared to go to trial. The Plaintiff, Mr. Robinson, stated that there were issues with discovery and that he was not provided with video footage evidence and cannot effectively prosecute his case without this evidence. Counsel for Defendants stated that the contested video footage exists and that she will ensure that Mr. Robinson is able to review that.

Counsel for Defendants stated that there are 6 videos total, 3 from each date in question. For purposes of trial, counsel for Defendants will be responsible for having the videos and a device to play them on. Mr. Robinson raised issues as to authentication of these videos, weight of the evidence, and disputing the accuracy of the footage captured. The Court told Mr. Robinson that these are issues to be addressed at trial. Mr. Robinson stated that Counsel for Defendants does not need to send him the video footage as it would be a waste of time. The Court directed Defendants to formally serve the video footage on Mr. Robinson.

Mr. Robinson raised the issue of his pending Motion for Appointment of Counsel and requested that Counsel for Defendants hold off on sending him the video evidence until this Motion is resolved. Counsel for Defendants stated that the video evidence could also be shared with Mr. Robinson's counsel in the

event that his motion is granted. For the time being, Counsel for Defendant will serve the video footage on Mr. Robinson.

Mr. Robinson raised issues about a certain training video referring to PREA reports and policies that he alleges were not produced to him in discovery. Counsel for Defendant stated that she believes Mr. Robinson is referring to a policy from a rule-change that occurred after the events underlying this case. Counsel for Defendants suggested a motion in limine that could address these policies to make the matters clear to the Court. Additionally, Counsel for Defendants stated that there are misconduct policies that were in place at the time of the underlying events and that those could be shared with Mr. Robinson, however these policies are likely not relevant at trial. Further, Counsel for Defendants stated that she is unsure if she has the particular training video Mr. Robinson is requesting. The Court reminded Mr. Robinson that discovery disputes should have been brought to the Court earlier.

In summary, Counsel for Defendants will provide Mr. Robinson with the six videos relating to the events underlying this dispute, the training video that is shown to inmates regarding a PREA report, and the policies at issue.

As to settlement, Counsel for Defendants stated that she cannot make an offer until a demand has been made by Mr. Robinson. Mr. Robinson stated that he will make a settlement demand. The Court also noted that it is able to engage in judicial settlement with the parties as is the Judicial Settlement Program. Counsel for Defendants stated that it is very unlikely she would be able to engage in judicial settlement with Mr. Robinson. The Court encouraged Mr. Robinson to do his due diligence and proceed with making a demand on Defendants.

The Court will issue a jury trial order in this case and tentatively schedule this trial for the week of August 24, 2026. The Court will set a pre-trial conference date in late July 2026.

There being no additional questions or issues to raise to the Court, the Court adjourned the Conference.


**Notice by U.S. Mail to:**

Plaintiff at his address of record